MEMO ENDORSED

October 19, 2026

Amir Nassihi

555 Mission Street,
Suite 3000
San Francisco, CA 94105
t 415.544.1900
f 415.391.0281
anassihi@shb.com

**VIA ECF AND EMAIL (RomanNYSDChambers@nysd.uscourts.gov)**

Hon. Nelson S. Roman
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

**Re: *Lisa v. Unilever United States, Inc.*, No. 7:26-cv-06536-NSR**
***Edwards v. Unilever United States, Inc.*, No. 1:26-cv-06792-NSR**

**Parties' Joint Letter-Motion to Stay Both Related Actions Through January 15, 2027**

Dear Judge Roman:

See Page 2.

Plaintiff Charles Lisa, Plaintiff Selassie Edwards, and Defendant Unilever United States, Inc. ("Unilever") respectfully submit this joint letter-motion in both of the above related actions, pursuant to Local Civil Rule 7.1(e) and the Court's inherent authority to manage its docket, for an order staying all deadlines in both actions through January 15, 2027 — including Unilever's deadlines to answer or otherwise respond to the Class Action Complaints — and directing the parties to file a joint status report on or before that date. If the actions are not resolved, the parties propose that Unilever's deadline to respond in each action be set at thirty days from the date of the joint status report. In the alternative, should the Court prefer not to stay these actions, the parties jointly request that Unilever's deadline to respond in each action be extended to January 15, 2027. In accordance with Your Honor's Individual Practice Rule 1.D, the parties state as follows.

1. **Original deadlines.** In *Lisa*, Plaintiff served the Summons and Class Action Complaint on Unilever's registered agent on August 3, 2026, and Unilever's response was originally due August 24, 2026; it is presently due October 23, 2026. In *Edwards*, Plaintiff served the Summons and Class Action Complaint on Unilever's registered agent on August 13, 2026, and Unilever's response was originally due September 3, 2026; it is presently due October 19, 2026.

2. **Number of previous requests.** Two previous requests in Lisa and one in Edwards. In *Lisa*, Unilever requested a thirty-day extension on August 25, 2026 (ECF 6), and the parties jointly requested a further thirty-day extension on September 22, 2026 (ECF 8). In *Edwards*, the parties jointly requested a forty-five-day extension on September 2, 2026 (ECF 10). No party has previously sought a stay of either action.

3. **Disposition of previous requests.** Each was granted. In *Lisa*, the Court extended Unilever's response deadline to September 23, 2026 (ECF 7) and then to October 23, 2026 (ECF 9). In *Edwards*, the Court extended Unilever's response deadline to October 19, 2026 (ECF 11).

4. **Reason for the request.** These two related actions challenge the same "No Artificial Flavors or Preservatives" representation on certain Knorr products, on the theory that citric acid and related ingredients are artificial. *Edwards*, the second-filed action, was deemed related to *Lisa* and transferred to Your Honor on that basis.

   The parties have agreed to submit both actions to a single private mediation before the Honorable José L. Linares (Ret.), formerly Chief Judge of the United States District Court for the District of New Jersey, and are working with his case manager to confirm a mediation date in late November or December 2026. A brief stay would permit the parties to pursue a global resolution of both related actions without incurring the expense of duplicative motion practice in each and would spare the Court the burden of adjudicating parallel motions that may be mooted. The parties respectfully submit that a stay to a date certain, coupled with a joint status report, is the most efficient means of managing these related actions in the interim.

   The parties respectfully acknowledge that this request is submitted less than 48 hours before the current response deadline in *Edwards*. The parties have continued to confer regarding the terms of their mediation agreement and submit this request immediately upon reaching agreement on the relief sought. No default has been sought or entered in either action and each Plaintiff joins in this request.

5. **Consent of the adversary.** Counsel for all parties in both actions met and conferred by email and telephone regarding the relief requested and jointly agree to it. This request is submitted jointly, and counsel for each Plaintiff has authorized Unilever to submit this letter-motion on the parties' joint behalf.

6. **Initial Pretrial Conference dates.** The Initial Pretrial Conference previously set in *Edwards* for October 15, 2026 was adjourned and has not been rescheduled. No other conference is currently scheduled in either action. The parties respectfully request that any scheduled conference(s) be adjourned pending the completion of mediation.

To date, no scheduling order has issued in either action, no discovery has been served, and no other deadlines depend on Unilever's response dates. The requested stay is brief, runs to a date certain, and is sought jointly by every party in both actions at the pleading stage; no party will be prejudiced. The parties will promptly advise the Court if mediation is completed before January 15, 2027 or if circumstances otherwise change.

**The parties joint application to stay the two actions (Action No. 7:26-cv-06536 & Action No 1:26-cv-06792 through January 15, 2027 to allow the parties to proceed to mediation is GRANTED. The parties are directed to submit a joint written update on the mediation status to the Court by January 14, 2027.**

**Dated: October 20, 2026**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

SHOOK HARDY & BACON

Respectfully submitted,

Shook, Hardy & Bacon L.L.P.

*/s/ Amir Nassihi*
Amir Nassihi

Attorneys for Unilever United States, Inc.

cc: Julian C. Diamond, Esq.
Alec Leslie, Esq.
Counsel for Plaintiff in *Lisa* (via ECF and email)

Edward Ciolko, Esq.
Jen Kraus-Czeisler, Esq.
Todd McClelland, Esq.

Counsel for Plaintiff in *Edwards* (via ECF and email)